THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C22-0229-JCC |
| Plaintiff, | ORDER |
| v. | |
| AMANDA FOXALL, | |
| Defendant. | |

This matter comes before the Court on its pre-service review of Plaintiff's complaint (Dkt. No. 5) under 28 U.S.C. § 1915(e)(2). On March 1, 2022, the Honorable S. Kate Vaughn, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff names as Defendant Amanda Foxall, although it is unclear what claims Plaintiff asserts against Ms. Foxall. (*See generally* Dkt. No. 5.)

Once a complaint is filed in forma pauperis, the Court must dismiss it before service if it is frivolous or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks

a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff fails to state a claim upon which relief can be granted. The complaint fails to allege a cognizable legal theory. It does not state what law entitles Plaintiff to relief nor does it adequately describe any claims alleged. Plaintiff must state what her legal theory is and allege facts demonstrating that such theory plausibly entitles her to relief.

Based on the forgoing, the Court DISMISSES Plaintiff's complaint without prejudice. Plaintiff must file an amended complaint curing the above-noted deficiencies within 21 days after the date this order is signed. If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate forms so that she may file an amended complaint.

//

---

[1] Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

1    DATED this 9th day of March 2022.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0229-JCC
PAGE - 3